IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CLARISSA JOB,

   Plaintiff,

     v.

AIRTRAN AIRWAYS, INC.,

   Defendant.

CIVIL ACTION FILE
NO. 1:13-CV-2061-TWT

**OPINION AND ORDER**

This is a personal injury action arising out of a fluid leak on an airplane operated by AirTran Airways, Inc. It is before the Court on the Defendant AirTran Airways, Inc.'s Motion for Summary Judgment [Doc. 8]. For the reasons set forth below, the Defendant's Motion for Summary Judgment [Doc. 8] is GRANTED.

**I. Background**

On August 1, 2009, the Plaintiff was a passenger on AirTran Flight 233 from West Palm Beach, Florida to Atlanta, Georgia. (Compl. ¶ 12.) There was a hard landing in Atlanta and allegedly a fluid leak caused by problems in the plane's air conditioning system. (Compl. ¶¶ 14, 18). The air conditioning fluid allegedly came into contact with the Plaintiff's eyes, causing irritation. (Compl. ¶¶ 16, 23.) The

Plaintiff visited an ophthalmologist and was diagnosed with blepharitis. (Compl. ¶ 24.)

On October 11, 2010 – prior to filing a lawsuit against the Defendant – the Plaintiff filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Central District of California. (Def.'s Statement of Facts ¶ 4.) On her bankruptcy petition, the Plaintiff was asked to list her "contingent and unliquidated claims of every nature." (Id. ¶ 5.) In response, the Plaintiff marked "None."[1] (Id. ¶ 5.) Her debts were discharged on January 25, 2011. (Id. ¶ 6.)

Then, on July 27, 2011, the Plaintiff filed her first complaint in this action. (Id. ¶ 7.) The Defendant moved for summary judgment, arguing that (1) the Plaintiff lacks standing because her claim against AirTran is property of her bankruptcy estate,[2] and (2) the Plaintiff is judicially estopped from asserting her claim because she failed to disclose it to the Bankruptcy Court.  On September 19, 2013 – after the Defendant moved for summary judgment – the Plaintiff filed a motion with the Bankruptcy Court of the Central District of California to reopen her bankruptcy case. (Pl.'s Statement of Facts ¶ 1.) The Plaintiff requested that her petition be amended to list the claim in

---

[1] On the bankruptcy petition, Question 21 of Schedule B (Personal Property) asked the Plaintiff to describe "[o]ther contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims." (Def.'s Mot. for Summ. J., Ex. B.)

[2] The Plaintiff did not address standing in her response brief.

this action. (Id. ¶ 3.) The Bankruptcy Court granted her motion on September 23, 2013. (Id. ¶ 5.)

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir.1990). Moreover, "[w]hen [an] attack on standing occurs via a motion for summary judgment, the plaintiffs . . . must set forth by affidavit or other evidence specific facts which for the purpose of summary

judgment will be taken as true." Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993) (internal quotation marks omitted).

### III. Discussion

**A. Standing**

The Defendant argues that the Plaintiff's cause of action became property of her bankruptcy estate, and thus only the bankruptcy trustee has standing to pursue it. "In every federal case, the party bringing the suit must establish standing to prosecute the action." Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 11 (2004). The standing requirements are divided into two categories: "Article III standing, which enforces the Constitution's case-or-controversy requirement . . . and prudential standing, which embodies judicially self-imposed limits on the exercise of federal jurisdiction." Id. (internal quotation marks omitted). One of the prudential standing requirements is that "the plaintiff generally must assert [her] own legal rights and interests, and cannot rest [her] claim to relief on the legal rights or interests of third parties." Warth v. Seldin, 422 U.S. 490, 499 (1975).

Additionally, "[s]ection 541 of the Bankruptcy Code provides that virtually all of a debtor's assets . . . vest in the bankruptcy estate upon the filing of a bankruptcy petition . . . [and] [s]uch property includes causes of action belonging to the debtor at the commencement of the bankruptcy case." Parker v. Wendy's Intern., Inc., 365 F.3d

1268, 1272 (11th Cir. 2004); see also In re Icarus Holding, LLC, 391 F.3d 1315, 1319 (11th Cir. 2004) ("[A] debtor's bankruptcy estate . . . includes legal causes of action the debtor had against others at the commencement of the bankruptcy case."). "At the close of the bankruptcy case, property of the estate that is not abandoned under § 554 and that is not administered in the bankruptcy proceedings remains the property of the estate." Parker, 365 F.3d at 1272. "[I]f a cause of action belongs to the estate, then the trustee has exclusive standing to assert the claim." Mennen v. Onkyo Corp., 248 Fed. Appx. 112, 113 (11th Cir. 2007) (quoting In re Educators Group Health Trust, 25 F.3d 1281, 1284 (5th Cir. 1994)); see also Parker, 365 F.3d at 1272 ("Generally speaking, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it.").

Here, the Plaintiff failed to address standing in her response to the Defendant's motion. When the Plaintiff filed for bankruptcy, the trustee of the Plaintiff's bankruptcy estate "became the real party in interest" for the Plaintiff's personal injury claim.[3] Parker, 365 F.3d at 1272. The Plaintiff never suggests that the cause of action was then abandoned back to her under section 554. Accordingly, the Plaintiff has

---

[3] It is immaterial that the Plaintiff amended her bankruptcy petition to include the claim after filing suit. "Regardless of whether a bankruptcy debtor discloses its existence, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate." Jones, 184 Fed. Appx. at 842.

failed to establish standing. See Jones v. Clayton Cnty., 184 Fed. Appx. 840, 842 (11th Cir. 2006) ("Because there is no evidence that the trustee, who is the real party in interest in this discrimination suit, ever abandoned this claim, Jones lacks standing to bring the claim."); Dunmore v. United States, 358 F.3d 1107, 1112 (9th Cir. 2004) ("[The plaintiff] lacked prudential standing . . . [because] [t]he bankruptcy estate, and not [the plaintiff], was the real party in interest at that time.").

### B. Judicial Estoppel

The Defendant argues that judicial estoppel bars the Plaintiff from asserting her claim because she initially omitted it on her bankruptcy petition. "Because this is a diversity case, the application of the doctrine of judicial estoppel is governed by state law."[4] Original Appalachian Artworks, Inc. v. S. Diamond Associates, Inc., 44 F.3d

---

[4] Although the Defendant persuasively argues for the application of federal law to claims of judicial estoppel, the Court is bound by Eleventh Circuit authority stating otherwise. However, several other Circuit Courts agree with the Defendant. Alternative Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 32 (1st Cir. 2004) ("The aim of judicial estoppel is to protect the integrity of the courts. . . a federal court has a powerful institutional interest in applying federally-developed principles to protect itself against cynical manipulations."); Allen v. Zurich Ins. Co., 667 F.2d 1162, 1167 n.4 (4th Cir. 1982) ("Although this is a diversity case . . . federal law controls the application of judicial estoppel, since it relates to protection of the integrity of the federal judicial process . . . Erie . . . [does not require] inquiry into the possible existence of a conflicting state rule."); Edwards v. Aetna Life Ins. Co., 690 F.2d 595, 598 n.4 (6th Cir. 1982) (citing Zurich with approval); Rissetto v. Plumbers and Steamfitters Local 343, 94 F.3d 597, 603 (9th Cir. 1996) ("[F]ederal law governs the application of judicial estoppel in federal court . . . [the] quite strong 'affirmative

925, 930 (11th Cir. 1995); see also Chrysler Credit Corp. v. Rebhan, 842 F.2d 1257, 1261 (11th Cir. 1988) ("Had this case originated as a diversity action, it appears this court would be bound to apply the relevant state formulation of judicial estoppel."), abrogated on other grounds by Grogan v. Garner, 498 U.S. 279 (1991).

The doctrine of judicial estoppel is "commonly invoked to prevent bankruptcy debtors from concealing a possible cause of action, asserting the claim following the discharge of the bankruptcy and excluding resources from the bankruptcy estate that might have otherwise satisfied creditors." Benton v. Benton, 280 Ga. 468, 469 (2006) (quoting Period Homes, Ltd. v. Wallick, 275 Ga. 486, 487 (2002)). "The purpose of judicial estoppel is to protect the integrity of the judicial process." Id. It thus "precludes a party from asserting a position in one judicial proceeding after having successfully asserted a contrary position in a prior proceeding." Id. It applies when a party has deliberately changed positions "according to the exigencies of the moment." Id.

Here, the Plaintiff eventually amended her bankruptcy petition to include her negligence claim against the Defendant. The Georgia judicial estoppel rule permits a plaintiff to proceed with a claim if she amends her bankruptcy petition to include it

---

countervailing consideration' of federal policy [weighs] in favor of the application of federal law . . ..").

– even if the amendment occurs after the defendant asserts judicial estoppel as a defense.[5] Id. at 470 ("Generally, judicial estoppel is inapplicable when a plaintiff has successfully amended his or her bankruptcy petition to include any claim against the defendant . . . because then it cannot be said that the position in the trial court is inconsistent with the position asserted by the plaintiff in the bankruptcy proceeding."); Rowan v. George H. Green Oil, Inc., 257 Ga. App. 774, 776 (2002) ("Rowan . . . amended her schedules to include the claim-well in advance of any disposition on the motion for summary judgment . . . the trial court erred in applying the doctrine of judicial estoppel to bar Rowan's personal injury action."); Jowers v. Arthur, 245 Ga. App. 68, 69-70 (2000) ("A majority of this Court was not persuaded that a tardy bankruptcy amendment, spurred by the filing of a summary judgment motion in the state tort action, represents a plaintiff/debtor's manipulating the court system by shifting positions when his interests change, which judicial estoppel is designed to prevent."); CSX Transp., Inc. v. Howell, 296 Ga. App. 583, 586 (2009) (explaining

---

[5] However, under Georgia law, judicial estoppel will apply if the defendant amends the bankruptcy petition *after* there is a disposition on the Defendant's judicial estoppel defense. See Cochran v. Emory University, 251 Ga. App. 737, 739 (2001) ("In [Johnson], plaintiff moved to amend his petition after defendant raised . . . judicial estoppel in its motion for summary judgment . . . [h]ere, Cochran chose to respond to the motion and await the trial court's order instead of moving to reopen her bankruptcy case.").

that unlike certain federal courts, Georgia courts do not apply judicial estoppel when the plaintiff has amended the bankruptcy petition to include the originally omitted claim). The Defendant's response relies on the Eleventh Circuit's construction of federal judicial estoppel law, which is inapplicable here.[6] Accordingly, because the Plaintiff successfully amended her bankruptcy petition to include her negligence claim, the doctrine of judicial estoppel would not have barred her from pursuing it.

### IV. Conclusion

For the aforementioned reasons, the Court GRANTS the Defendant's Motion for Summary Judgment [Doc. 8].

---

[6] In a federal employment discrimination case, the Eleventh Circuit stated: "Allowing [the plaintiff] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them. This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtors' assets." Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1288 (11th Cir. 2002). There is a Circuit-split on this question. Compare Eastman v. Union Pac. R. Co., 493 F.3d 1151, 1160 (10th Cir. 2007) ("That Gardner's bankruptcy was reopened and his creditors were made whole once his omission became known is inconsequential[,] [a] discharge . . . is sufficient to establish a basis for judicial estoppel, 'even if the discharge is later vacated.'"), with Ah Quin v. County of Kauai Dep't of Transp., 733 F.3d 267, 272-75 (9th Cir. 2013) (discussing why a plaintiff's decision to amend the bankruptcy petition to include the omitted claim should weigh against the application of judicial estoppel).

SO ORDERED, this 3 day of February, 2014.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge